IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs March 20, 2001

## STATE OF TENNESSEE v. JASHUA SHANNON SIDES

**Direct Appeal from the Criminal Court for Hamilton County**
**Nos. 225250 and 225251     Rebecca J. Stern, Judge**

---

**No. E2000-01422-CCA-R3-CD**
**May 16, 2001**

---

### DISSENTING OPINION

I must dissent from the holding of the majority opinion in this case for the following reasons:

First, the State's concession and the majority's acceptance of it notwithstanding, I do not believe the record is sufficient to allow this court to adequately address the issue of the legality of the warrantless arrest of the appellee at the "scene of an accident" pursuant to Tennessee Code Annotated Section 40-7-103(a)(6). In its concession on this point the State asserts that because there was no proof addressed at the suppression hearing on the question of the value of the property damage to the appellee's vehicle, a warrantless arrest for leaving the scene of an accident pursuant to Section 40-7-103(6) cannot be sustained. It is true that Section 40-7-103(a)(6) only allows a warrantless misdemeanor arrest at accident scenes involving property damage over $1,000, unless the arrest is for DUI in which case the amount of property damage is irrelevant. However, the reason the State failed in the instant case to put on proof of the amount of property damage is the fact the State, the defense and the trial court were all apparently satisfied that property damage over $1,000 was involved.

The sole issue on which the motion to suppress was decided was whether or not the arrest of the appellee was "at the scene of an accident" since he initially fled the scene and was only arrested sometime later when he returned to his wrecked vehicle.[1] I do not believe it fair to hold a party responsible for failing to proffer proof on an issue that was apparently settled to the satisfaction of both litigants and the trial court. See State v. Anthony E. Collier, No. M1999-01408-CCA-R3-CD, (Tenn. Crim. App., opinion filed March 16 at Nashville) (holding party will not be responsible

---

[1] The majority concludes that, due to the State's concession, i.e., that a warrantless arrest for leaving the scene of an accident was improper, no further analysis is warranted regarding whether a citation in lieu of arrest should have been issued. I agree that no analysis of the citation issue is warranted, not because of the State's concession, but because this issue was not litigated below. Thus, we do not know why the appellant was taken into custody rather than a citation issued. It is noteworthy, however, that the citation requirement for misdemeanors has exceptions in certain cases, such as the necessity of preventing further criminal activity, the failure of the accused to provide satisfactory identification and the need to maintain public safety. Tenn. Code Ann. § 40-7-118.

for putting on proof where action of the trial judge, although erroneous, sustains the position of the party).

I would therefore review the propriety of the appellee's arrest on the question litigated below, that is whether the warrantless arrest of the appellee occurred "at the scene of an accident."

The appellee argues that his warrantless arrest was unlawful because it was not at the scene of the accident within the meaning of Tennessee Code Annotated Section 40-7-103(a)(6), and that the section is thus inapplicable to his situation. In other words, when he returned to his wrecked vehicle there was no longer an "accident scene" within the meaning of Section 40-7-103(6). The appellee bases his argument on this Court's holding in State v. Thad Thomas Folds, CCA No. 01C01-9308-CC-00278, 1995 WL 89701 (Tenn. Crim. App. at Nashville, Mar. 3, 1995,) (holding that "the scene of the accident' as contemplated by the legislature when drafting this statute does not include [a] situation in which the arrest occurred at the scene, but only after the driver was required to return there by law enforcement"). In my opinion the appellee's reliance on Folds is misplaced for at least two reasons. First, Folds dealt with a situation where the defendant was returned by police officers to a place where they believed they could arrest him without a warrant. In the instant case the appellee returned to the accident scene of his own volition without any prompting or compulsion by police. Secondly, and more importantly, I believe Folds to be incorrectly decided. In Folds, this Court stated:

> The rationale and the scope of the statute becomes clear when one considers the purposes served by the misdemeanor exception to the warrant requirement. When a police officer is called to the scene of an automobile accident, the officer usually finds a *fait accompli*. Even if one of the drivers were intoxicated, under the general warrant requirement, the officer could not make a warrantless arrest since the officer did not see the driver drive. Since an intoxicated driver is a danger to the driver's self and to others, the state has a genuine interest in restraining that driver until arrangements ensuring the safety of the public and the driver are made. Moreover, blood alcohol levels change over time. Chemical testing must be performed as soon as possible so that the results will reflect the driver's actual blood alcohol level at the time the accident occurred. Time spent seeking an arrest warrant would render the evidence unreliable and jeopardize public safety.
> These same policy considerations do not exist at times remote from the actual occurrence. Appellee was not at the scene when the police arrived. He presented no danger to the safety of the motoring public. Approximately an hour had passed. The results of a blood alcohol test could not accurately reflect the level that existed at the time he drove off the road. The purposes for the statutory exception were no longer served by an immediate, warrantless arrest.

Id. at *5.

Thus it appears that <u>Folds</u> is based on a finding that Section 40-7-106(a)(6) permits immediate warrantless arrests solely for the remedial purposes of protecting public safety when a potential defendant is intoxicated, and preventing the dissipation of blood alcohol content so that chemical testing will accurately reflect the defendant's blood alcohol content at the time of the accident. I find this reasoning to be flawed. If the purposes of Section 40-7-103(a)(6) are as limited as indicated by the opinion in <u>Folds,</u> one wonders why the statute by its terms embraces any offense under title 55, chapters 8 and 10, including the offense of leaving the scene of an accident involving property damage. See Tenn. Code Ann. § 55-10-102(a). If, as the <u>Folds</u> opinion maintains, the legislature were only concerned with the public safety and evidentiary concerns attendant to DUI cases it would have limited Section 40-7-103(a)(6) to DUI cases only.

Furthermore, while I agree that police should not be able to involuntarily return drivers to the scene of an accident for the purpose of affecting a warrantless arrest, <u>Folds</u> is not so limited. A fair reading of <u>Folds</u> would lead the reader to the conclusion that the crime of leaving the scene of an accident is never subject to a warrantless arrest since by its definition the crime requires the driver to leave the accident scene. This is clearly contrary to the explicit dictates of the legislature that Section 40-7-103(a)(6) embraces Section 55-10-102(a) and allows warrantless arrests for leaving the scene of an accident if the driver can be found at the accident scene and police have probable cause to believe the driver has committed one of the offenses in title 55, chapters 8 and 10. By necessity Section 40-7-103(a)(6) can only come into play when the offense of leaving the scene of an accident involves initial flight by the driver of the vehicle involved coupled with a subsequent return to the scene. For these reasons I am of the opinion that <u>Folds</u> is incorrectly decided and should be overruled. I would find that the warrantless arrest of the appellee leaving the scene of an accident was proper and that all evidence recovered as the result of that arrest including evidence of DUI should be admitted against the appellee.

I also dissent from the holding of the majority that police lacked probable cause to believe the appellee was driving under the influence of an intoxicant when arrested. In this case the appellee ran his vehicle into a ditch. When he returned to the scene of the wreck, the appellee lied about his identity and initially denied driving the car. The appellee subsequently admitted he was the driver, and the officer at the scene smelled alcohol on the appellee's breath. Although the arresting officer did not charge the Appellee with DUI until after a breathalyser test was administered at the Sheriff's Department, I think there was sufficient evidence in this record for DUI to establish probable cause to arrest the appellee for DUI and that all evidence obtained as a result thereof is admissible.

For these reasons stated above I would reverse the judgment of the trial court suppressing the evidence in this case and remand this case for trial on charges of leaving the scene of an accident involving property damage and DUI.[2]

---

[2] I agree with the assertion in footnote 1 of the majority opinion that it is questionable whether Tennessee Code Annotated section 55-10-102 applies to single car accidents. However, this question was not litigated below and we need not address it for purposes of this appeal.

_____
JERRY L. SMITH, JUDGE